# UNITED STATES DISTRICT COURT

## DISTRICT OF MAINE

| | |
|---|---|
| SPYDERCO, INC.,<br><br>      PLAINTIFF<br><br>v.<br><br>KEVIN, INC., D/B/A SHAWMUT DISTRIBUTORS, D/B/A KITTERY TRADING POST, AND D/B/A KTP GUN EXCHANGE,<br><br>      DEFENDANT AND<br>      THIRD-PARTY PLAINTIFF<br><br>v.<br><br>JOSEPH CONNORS,<br><br>      THIRD-PARTY DEFENDANT | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)     CIVIL NO. 2:17-CV-309-DBH<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## DECISION AND ORDER ON PARTIAL MOTION TO DISMISS AND MOTION TO AMEND COMPLAINT

In this trademark case, the defendant moved to dismiss the plaintiff's state law and punitive damages claims. The plaintiff resisted the motion and moved for leave to amend the complaint. The defendant then argued that the amendment did not cure the deficiencies. I now **GRANT** the plaintiff's motion to amend its complaint under Fed. R. Civ. P. 15(a)(1). But the amended complaint fails to state a claim under Maine law for commercial disparagement/slander of title, and I **GRANT** the motion to dismiss the Third Claim for Relief. I require further briefing on the Fourth Claim, the civil conspiracy claim, and therefore defer ruling on that Claim and the Fifth Claim, a punitive damages claim.

**PLEADED FACTS**

According to the amended complaint,[1] the plaintiff Spyderco, Inc. designs, manufactures, and distributes knives and knife accessories. Am. Compl. ¶ 11 (ECF No. 16-1). Among its products are what it calls the Military and Para-Military knives. Id. ¶¶ 12-16. Spyderco owns a variety of federally registered and common law trademarks, many of which are visible on or in its products, including the Military and Para-Military knives. Id. ¶¶ 17-25.

The defendant Kevin, Inc. operates retail stores that buy and sell new and used sporting goods, including Spyderco products such as the Military and Para-Military knives. Id. ¶¶ 26-27. Kevin has sold two knives identified on their price tags as "CLONE MILITARY" and "CLONE PARAMILITARY," id. ¶ 28-30, which bear some of Spyderco's trademarks. Id. ¶ 33. Based on sale price, metallurgical testing, and other indicia, Spyderco claims that these are not authentic Spyderco knives, id. ¶ 31, but counterfeit knives of inferior quality. Id. ¶¶ 32-34.

Spyderco claims that Kevin's advertising, offering, and selling the Clones constitutes willful counterfeiting and infringement of its marks under the Lanham Act (First and Second Claims), and commercial disparagement (Third Claim) and common law civil conspiracy (Fourth Claim) under Maine law; and that it is entitled to punitive damages (Fifth Claim). Kevin moved to dismiss the Third and Fourth Claims and argued that if those state law claims are dismissed, the punitive damages (Fifth Claim) must also be dismissed, because the only remaining claims are under the Lanham Act, which does not allow punitive

---

[1] The amended complaint has not actually been filed yet. I therefore cite the proposed amended complaint (ECF No. 16-1) that was attached to the motion for leave to amend (ECF No. 16).

damages.  Kevin also filed a third party complaint against Joseph Connors, alleging that Connors supplied it with the knives Spyderco complains of.  Def.'s Third-Party Compl. ¶¶ 10-14 (ECF No. 10).

**ANALYSIS**

### *Commercial Disparagement/Slander of Title*

The amended complaint restyles the commercial disparagement count as "commercial disparagement by slander of title."  Am. Compl. ¶ 52-57.  Kevin asserts that slander of title does not extend to trademarks and applies only to interests in real property.  Def.'s Reply at 1-2 (ECF No. 19).

Commercial disparagement and slander of title are distinct torts.  Slander of title "protects a person's property interest against words or conduct which bring or tend to bring the *validity* of that interest into question."  Colquhoun v. Webber, 684 A.2d 405, 409 (Me. 1996) (emphasis added); see also Restatement (Second) of Torts § 624 (1977).  That is, slander of title protects against false statements that cast doubt on whether someone in fact has a *valid property interest* in the relevant property.  By contrast, commercial disparagement (also known as trade libel, belittlement, and slander of goods, FBR v. St. Paul Marine and Fire Ins. Co., 1999 ME 87, ¶ 10 n.1, 730 A.2d 175, 179) protects against injurious falsehoods that disparage the *quality* of the property in question.  See Restatement (Second) of Torts § 626.  But this tort is not recognized in Maine. FBR, 1999 ME 87, ¶ 11 n.2, 730 A.2d at 180; see also Town and Country Motors, Inc. v. Bill Dodge Automotive Group, Inc., 115 F. Supp. 2d 31, 33 (D. Me. 2000) ("The Law Court has not adopted the common law tort of trade libel.").

Slander of title *is* recognized in Maine. It has four elements, the first of which is that there must have been "a publication of a slanderous statement disparaging claimant's title." <u>Colquhoun</u>, 684 A.2d at 409.[2] Even if slander of title applies to trademarks,[3] Spyderco has not alleged any statements by Kevin that cast doubt on Spyderco's ownership of its trademarks or that otherwise disparage its title to them. The amended complaint's Third Claim for Relief is therefore **DISMISSED**.

### *Civil Conspiracy*

Kevin now recognizes that Spyderco has adequately alleged two or more conspirators, Def.'s Reply at 3, but argues that the amended complaint does not adequately allege the specifics of an illegal agreement between Kevin and Connors. It also points out that Kevin "has sued Connors for deceiving it with respect to the provenance of the knives." <u>Id</u>. at 4. What Kevin states in its third

---

[2] The other requirements are that "(2) the statement was false; (3) the statement was made with malice or made with reckless disregard of its falsity; and (4) the statement caused actual or special damages." <u>Id</u>.

[3] Kevin argues that it does not. Def.'s Reply at 2 (ECF No. 19). I find it unnecessary to reach this issue. The <u>Restatement</u> view is that slander of title covers "[a]ny kind of legally protected interest in land, chattels or intangible things" so long as "the interest is transferable and therefore . . . capable of profitable disposal," including "the right to use a trademark or trade name." <u>Restatement (Second) of Torts</u> § 624 cmt. c. <u>Colquhoun</u>, the leading Maine case on slander of title, quotes this portion of the <u>Restatement</u>, but stops just short of the sentence mentioning trademarks. 684 A.2d at 409. <u>Colquhoun</u> itself addressed whether title by adverse possession is sufficient to maintain a slander of title action. <u>Id</u>. In deciding that it was, <u>Colquhoun</u> did not take the <u>Restatement</u> view as determinative. <u>Id</u>. at 409-10 (noting that the <u>Restatement</u> view is not unanimous and deciding the question based on Maine precedents). A later Law Court case, however, characterized <u>Colquhoun</u> as "adopting" comment c. <u>Lougee Conservancy v. CitiMortgage, Inc.</u>, 2012 ME 103, ¶ 17, 48 A.3d 774, 781. It is true that the vast majority of Law Court cases discussing slander of title concern interests in real property. At least one involved a counterclaim of slander of title to personal property, but the Law Court did not analyze the claim except to affirm sanctions on the counterclaimant for interposing all his affirmative defenses and counterclaims for delay. <u>Fraser Emps. Fed. Credit Union v. Labbe</u>, 1998 ME 71, ¶¶ 3 n.5, 8-9, 708 A.2d 1027, 1028-30.

party complaint does not affect my assessment of whether Spyderco's amended complaint is itself adequate.

But the parties have not addressed another requirement of Maine's civil conspiracy law—that civil conspiracy in Maine "is not a separate tort but rather a rule of vicarious liability." <u>Vincent v. Town of Scarborough</u>, No. 02-239-PH, 2003 WL 22757940 (D. Me. Nov. 20, 2003) (quoting <u>McNally v. Mokarzel</u>, 386 A.2d 744, 748 (Me. 1978)); <u>see also</u> <u>Cohen v. Bowdoin</u>, 288 A.2d 106, 111 (Me. 1972) ("Although . . . Maine law generally denies that there is a separate and independent tort of 'civil conspiracy,' allegations of concerted action do [result in] all of the named defendants averred to have acted in combination [being] vicariously liable to plaintiff for its commission."); <u>Franklin v. Erickson</u>, 146 A. 437, 438 (Me. 1929) ("Conspiracy is a convenient form of declaration against two or more joint tort-feasors. The averment of conspiracy adds nothing to the nature or gravity of the offense charged. It is but a convenient mode of declaring for a joint tort against two or more persons."). As far as I can tell from the amended complaint, Spyderco has not asserted vicarious liability against anyone based upon the alleged conspiracy. It has sued only Kevin, and has not asserted that Kevin is liable via conspiracy for someone else's tortious conduct.[4] Put simply, the civil conspiracy count does not seem to do any work. <u>See</u> <u>Fiacco v. Sigma Alpha Epsilon Fraternity</u>, 484 F. Supp. 2d 158, 176 (D. Me. 2007) ("[I]f any of the tort claims survive . . . that tort, and not civil conspiracy, will serve as

---

[4] Civil conspiracy "fails as the basis for the imposition of civil liability absent the actual commission of some independently recognized tort," except in "extraordinary circumstances" not alleged here, such as where there is coercion or undue influence. <u>Cohen</u>, 288 A.2d at 110 & n.4; <u>see also</u> <u>Whatley v. Diversified Corp. Resources, Inc.</u>, No. 99-284-B, 2000 WL 761797 at *1 n.2 (D. Me. Mar. 28, 2000).

the basis for liability.  Consequently, summary judgment in favor of [the movant] is appropriate on [the civil conspiracy count].").  I direct the parties to address this issue before I rule on the adequacy of the Fourth Claim of the amended complaint.  Kevin shall file its legal memorandum by December 29, 2017, and Spyderco shall respond by January 12, 2018.  The Fourth Claim's survival will determine whether the punitive damages claim can remain because punitive damages are not available under the Lanham Act.  Elec. Corp. of America v. Honeywell, Inc., 358 F. Supp. 1230, 1234-35 (D. Mass. 1973), aff'd, 487 F.2d 153 (1st Cir. 1973); 5 McCarthy on Trademarks and Unfair Competition § 30:97 (5th ed.); Restatement (Third) of Unfair Competition § 36 cmt. n (1995) ("Punitive damages are not available in actions under the Lanham Act.").

## CONCLUSION

For all these reasons, I **GRANT** Spyderco's motion for leave to amend its complaint.  I **GRANT** Kevin's motion to dismiss the Third Claim for Relief and **RESERVE RULING** on the Fourth and Fifth Claims for Relief.

**SO ORDERED.**

**DATED THIS 12TH DAY OF DECEMBER, 2017**

/s/D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**